UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

GRACE L. SANDOVAL,

Plaintiff,

vs.

INTERIM HEALTH CARE,

Defendant.

CASE NO. 09cv1507-L(POR)

**ORDER (1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; (2) DENYING REQUEST FOR APPOINTMENT OF COUNSEL; AND (3) DISMISSING COMPLAINT**

Plaintiff Grace L. Sandoval, proceeding *pro se*, has submitted a complaint pursuant to 18 U.S.C. § 1962. With the complaint Plaintiff filed a Motion to Proceed *in Forma Pauperis* and a Request for Appointment of Counsel.

All parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Plaintiff's declaration shows she has insufficient income and assets to pay the filing fee. Accordingly, Plaintiff's motion to proceed *in forma pauperis* is granted.

The court is obligated to review a complaint filed *in forma pauperis* and must dismiss it if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune

from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001). "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

A complaint will be considered frivolous, and therefore subject to dismissal under § 1915(e)(2)(B), "where it lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A federal court cannot properly *sua sponte* dismiss an action commenced *in forma pauperis* if the facts alleged in the complaint are merely "unlikely." *Denton*, 504 U.S. at 33. However, a complaint may be properly dismissed *sua sponte* if the allegations are found to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.* at 32-33. In addition, cases which "merely repeat[] pending or previously alleged claims" may be dismissed as frivolous. *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). In addition, if a case is classified as frivolous, "there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (*en banc*).

Plaintiff claims her action arises under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(a), (b), (c) and/or (d). (*See* docket no. 1, Civil Cover Sheet.) Pursuant to 18 U.S.C. § 1964(c), "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court . . . ." Neither the complaint nor the accompanying RICO Case Statement is sufficient to state a claim. In a 38-page complaint, devoid of any headings or even paragraphs or page numbers, Plaintiff offers a stream-of -consciousness account of fantastical and fanciful criminal activity. These allegations are similar to the allegations in the previously-dismissed cases Grace L. Sandoval v. Rogelio Pina, case no. 08cv1297-L(LSP), and Grace L. Sandoval v. Leonard Fink, case no.08cv1869-L(NLS).

Plaintiff's allegations are fanciful and fantastic rather than merely unlikely. An example of Plaintiff's "wholly incredible" allegations is that many individuals

> planned my employment with Interim Health Care . . . that have my daughter . . . hostage and are refusing to provide me . . . with my daughter['s] . . . address in San Marcos, California. Employee at Interim Health Care . . . planned with Joan Vidal and many other clients and their parents, etc. of Interim Health Care . . . my five car collision on freeway fifteen . . .. Arick Stillwagon is providing employees at Interim Health Care . . . with harmful substance to force in my daughter['s] . . . human leg, abdomen, back, hand, etc. to cause infection, injury, pain, etc.
>
> [¶] Jeffrey Doe planned [with numerous individuals including O.J. Simpson] my injury to my right lung on August 18, 1982 at Fashion Valley Mall . . . to steal more than five (5) thousand dollars from my Bank of America account . . . and to steal my brand new furniture, many toys purchased for my two daughters . . ., all of my gold, diamonds, clothes, cars, shoes, purse, etc. The Indians from Rincon Indian Reservation . . . invaded me . . . and my husband . . . and our two daughters . . . at our two bedroom house . . ..

Another example is that

> Kathryn Jean Yavendetti . . . is joined with the German's Leonard Fink [and many others] in crime and murder in various counties in California. Robert Goodman, Sr. demands his German relatives to follow many Hollywood stars in Hollywood, California and nearby areas to force use illegal drugs from Mexicali, Mexico and Tijuana, Mexico . . ..

Although in some cases it may be difficult to judge whether a plaintiff's factual allegations are truly "fanciful," "fantastic," or "delusional" as opposed to merely "unlikely," this is not such a case. *See Denton*, 504 U.S. at 33. These allegations "rise[] to the level of irrational or the wholly incredible." *Id*. Accordingly, the complaint is dismissed as frivolous. *See Lopez*, 203 F.3d at 1127 n.8.

Based on the foregoing, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. The complaint is **DISMISSED WITHOUT LEAVE TO AMEND.** Plaintiff's motion for appointment of counsel is **DENIED** as moot..

**IT IS SO ORDERED**.

DATED: October 21, 2009

M. James Lorenz
United States District Court Judge